IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANNY AMEN ANDERSON VALENTINE SHABAZZ, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 23-651 (MN) ) |
| KATHLEEN JENNINGS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Danny Amen Anderson Valentine Shabazz, Chester, Pennsylvania – Pro Se Plaintiff.

January 3, 2024
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Danny Amen Anderson Valentine Shabazz filed this action purporting to raise criminal copyright infringement, invasion of privacy claims, mass tort, and Lanham Act claims. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).[1]

## II.    BACKGROUND

Plaintiff's allegations are set forth below in their entirety:

> We have been listed on the state of Delaware's website for over 12 years now disrupting our education, advertising firm and financial firm. We have requested this information be removed over 1000 times with numerous emails. It's a form of retaliation from the last 2 governors of Delaware. Jack Markell has never supported Danny Ace Valentine in any venture beyond using his likeness to advertise the state of Delaware and its fraudulent activities. Chris Bruce breached a NOA on this likeness with cat 6 cables with Why Fly Internet. He has since committed mortgage fraud and numerous federal violations. The attorney general has deprived Danny and violated the color of law.
>
> Solution:
>
> We are requesting the state remove Danny's likeness from all channels and return his trust fund.

(D.I. 2 at 3-4).

## III.    SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations

---

[1]    Plaintiff's filing is nominally titled a petition, but the court construes it as a complaint.

in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff has failed to state a claim.  As is clear from the quoted text above, his allegations are confusing and missing relevant context.  The Complaint will be dismissed.  Out of an abundance of caution, Plaintiff will be given an opportunity to file an amended complaint to the extent he can properly state a claim.

### III.     CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff will be given an opportunity to file an amended complaint.

An appropriate Order will be entered.